# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

D.U.,

        Plaintiff,

  v.                                                               Case No. 13-CV-1457

KITTY RHOADES AND KELLY TOWNSEND,

        Defendants.

## DECISION AND ORDER ON STIPULATION FOR ENTRY OF PROTECTIVE ORDER

On December 6, 2016, the parties filed a stipulated protective order to permit the designation of certain information in the litigation as "confidential." (Docket # 94.) For the reasons I will explain below, I decline to adopt the proposed protective order. However, I invite the parties to supplement their stipulation to address the deficiencies in the proposed order.

The court cannot enter a generic protective order concealing unspecified amounts and types of information. This is because pretrial discovery must, as a general proposition, occur in the public eye, unless compelling reasons exist for limiting the public's access. *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1979); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir.1999) (noting presumption of public access to discovery materials). Rule 26(c) of the Federal Rules of Civil Procedure allows the court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946.

In this case, the parties properly demarcate the category of documents they wish to designate as confidential; namely, D.U.'s medical records. (Docket # 94 at 1.) However, the proposed protective order is simply a copy of the protective order template included in the Local Rules for the Eastern District of Wisconsin. While this template is meant to serve as a guide, it must be tailored to the specific needs of the parties. For example, the template states that a person who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information. (Docket # 94-1 at 1.) However, the parties in this case simply wish to designate as confidential D.U.'s medical records. Therefore, the protective order must be specific to the parties' needs.

Further, although not explicitly provided for in the template protective order included in the Local Rules, the Seventh Circuit has also stated that a protective order must make explicit that either party and any interested member of the public can challenge the secreting of particular documents. *Citizens First Nat'l Bank of Princeton*. 178 F.3d at 946. Thus, while the proposed order provides a procedure for the parties to challenge the designation of confidentiality, the proposed order fails to provide a procedure for members of the public to challenge the confidentiality designation. This should be addressed in any revised proposed order. Finally, the Seventh Circuit has stated that protective orders should be limited to the pretrial stage of the litigation. *See id*. at 945. Thus, any revised proposed order must make explicit that the agreement is limited to pretrial discovery.

In sum, to address the deficiencies in the stipulated protective order, the parties must tailor the template protective order to their specific needs, must include a mechanism for any interested member of the public to challenge the confidential designation of a document, and should be limited

to pretrial discovery. I invite the parties to address these inadequacies and file a modified stipulated protective order. If the modified protective order is consistent with the requirements of Rule 26(c) and Seventh Circuit case law, I will enter it.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that I will not enter the parties' protective order as currently proposed. However, I invite the parties to address the deficiencies articulated in the decision and file a modified protective order.

Dated at Milwaukee, Wisconsin this 6th day of December, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge