UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**D.U.**,

        **Plaintiff**,

  v.

**LINDA SEEMEYER**,

        **Defendant**.

Case No. 13-CV-1457

---

**CONSENT DECREE**

---

**I.  INTRODUCTION AND BACKGROUND**

1. The Plaintiff, D.U., filed this lawsuit on December 31, 2013, seeking *inter alia*, declaratory and injunctive relief to redress alleged violations of the Early and Periodic Screening, Diagnostic, and Treatment (EPSDT) provisions of the Medicaid Act, 42 U.S.C. §1396a(a)(43), 1396d(r).

2. Plaintiff claimed that the Defendant, in her official capacity as the Secretary of the Wisconsin Department of Health Services, violates Plaintiff's rights by failing to provide private duty nursing care, which Plaintiff claimed is required under EPSDT. The Defendant denied that such care is mandated under the applicable state and federal laws.

3. In 1965, Congress enacted the Medicaid Act, 42 U.S.C. § 1396 *et seq*., as Title XIX of the Social Security Act. *Moore v. Reese,* 637 F.3d 1220, 1232 (11th Cir. 2011). Medicaid is a jointly financed federal-state cooperative program, designed to help states furnish medical treatment to their needy citizens. *Id.; see also Bontrager v. Indiana Family and Social Services Admin.,* 697 F.3d 604, 605-06 (7th Cir. 2012). States devise and fund their own

medical assistance programs, subject to the requirements of the Medicaid Act, and the federal government provides partial reimbursement. 42 U.S.C. §§ 1396b(a), 1396d(b). A state's participation in the Medicaid program is voluntary, but once a state opts to participate, it must comply with federal statutory and regulatory requirements. *Bontrager,* 697 F.3d at 606. Wisconsin participates in the Medicaid program and is therefore bound by its rules and regulations.

4. The Plaintiff was severely injured in an automobile accident when she was three years old and suffers from a traumatic brain injury and posttraumatic hydrocephalus. Her injuries have profoundly affected her physical abilities, health, behavior, and cognitive development. The Plaintiff is eligible for the Wisconsin Medicaid Program through the Katie Beckett Program.

5. Wisconsin Medicaid, under the direction of the Secretary of the Wisconsin Department of Health Services, authorized private duty nursing care for the Plaintiff up until November of 2013, at which time it denied the request because it determined that Plaintiff did not need at least eight hours of Medicaid reimbursable skilled nursing care per day. This litigation followed.

6. The Parties desire to resolve this matter amicably and without going to trial. Without conceding any infirmity in their claims or defenses, the Parties have agreed in settlement negotiation to resolve the claims raised in this action. Plaintiff and Defendant have reached an agreement for settling this litigation that the Parties believe is fair, reasonable, and adequate to protect the interests of both Parties.

7. By agreeing to this Consent Decree, Defendant does not admit to any liability, fault, wrongdoing, or violation of law regarding the allegations make in this action.

Moreover, no part of this litigation may be used as evidence of Defendant's liability, fault, wrongdoing, or violation of law in any other legal proceeding.

Therefore, based upon all of the foregoing, and the Court being otherwise fully advised, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

**DECREE**

**II.     JURISDICTION**

8.      The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343.

**III.    DEFINITIONS**

9.      As used herein, the following terms have the following meanings:

a.      "Court" means the United States District Court for the Eastern District of Wisconsin.

b.      "Defendant" means the Secretary of the Wisconsin Department of Health Services, in her official capacity, and any of her successors. For purposes of Section V, "Defendant" shall also include, where necessary and appropriate, any other State actor that is assisting the Secretary in fulfilling obligations under this Consent Decree.

c.      "EPSDT" means the Early and Periodic Screening, Diagnostic, and Treatment services requirement of Title XIX of the Social Security Act, as codified at 42 U.S.C. § 1396d(r)(1),(5).

d.      "Parties" means Plaintiffs and Defendant, collectively.

e.      "Plaintiff's Counsel" means attorneys from the law firm, Pines Bach LLP.

**IV. PROVISION OF SERVICES**

10. Beginning on the date this Consent Decree is signed, the Wisconsin Medicaid Program, under the direction of Defendant, shall authorize 56 hours of private duty nursing services per week for Plaintiff, as defined under 42 CFR 440.80. The Wisconsin Medicaid Program will provide reimbursement for such private duty nursing, consistent with this authorization.

11. The Plaintiff will continue to submit prior authorization requests for private duty nursing services on an annual basis. The Wisconsin Medicaid Program will continue to authorize 56 hours of private duty nursing services per week for Plaintiff, and provide reimbursement for such private duty nursing consistent with this authorization, until such time as Plaintiff reaches the age of 21 years or has transitioned to a Medicaid program providing long-term care services for adults.

12. If Plaintiff no longer requires private duty nursing due to an unexpected and significant improvement in her conditions, then the quantity of services may be reduced or eliminated. This may occur through the mutual agreement by the Parties. Alternatively, if Defendant believes there has been an unexpected and significant improvement in Plaintiff's conditions justifying the reduction or elimination of private duty nursing and Plaintiff disagrees, and if the Parties are unable to resolve the dispute consistent with the dispute resolution set forth in Section VI, the Defendant may seek intervention from the Court.

13. Beginning on or before the date this Consent Decree is signed, the Wisconsin Medicaid Program, under the direction of Defendant, shall establish a process for the expedited review of requests for the prior authorization of all therapy services submitted on behalf of Plaintiff. To ensure that each such request receives the agreed-upon expedited

review, the Plaintiff and/or her provider must notify the Department that the Plaintiff is entitled to expedited review for each such submitted request. The Wisconsin Medicaid Program will provide this expedited review process for prior authorization requests for eligible services until Plaintiff reaches 21 years of age. This Decree does not guarantee that any specific therapy services will be approved and reimbursed by Wisconsin Medicaid. Rather, Wisconsin Medicaid will authorize and reimburse for all medically necessary therapies consistent with the requirements set forth under the EPSDT mandate.

14. This Decree does not set any limits on the amount of services that should be authorized or reimbursed on behalf of Plaintiff in addition to private duty nursing care. Wisconsin Medicaid, the Children's Long Term Waiver Program, and any other publicly-funded program for which the Plaintiff is or may be eligible, shall authorize appropriate covered services through the duration of this Decree.

## V. DISPUTE RESOLUTION

15. In the event that Plaintiff or Plaintiff's Counsel believes that Defendant is not complying with the terms of the Consent Decree, Plaintiff's Counsel shall provide written notice to Defendant of Defendant's alleged non-compliance. Defendant shall respond in writing within ten (10) business days of receipt of Plaintiff's Counsel's notification of a claim of non-compliance. Plaintiff's Counsel shall advise Defendant of their acceptance or rejection of Defendant's response within seven (7) business days of their receipt of Defendant's response. If rejected, the Parties shall meet within ten (10) days to discuss and attempt to resolve any matter addressed in the written submissions. If the Parties are not successful in their efforts to resolve the matter, they may jointly or individually seek intervention from the Court for the purpose of effecting compliance with the provisions specified in the written submissions.

16. In the event that the Defendant seeks to reduce or eliminate the quantity of private duty nursing set forth in this Consent Decree and the Plaintiff (by her parent or guardian) disagrees, the Defendant shall provide written notice to Plaintiff and Plaintiff's Counsel of its request to reduce and eliminate the services with documentation supporting its position that Plaintiff's condition has unexpectedly and significantly improved to the point where she will no longer benefit from those services. Plaintiff shall respond in writing within ten (10) business days of receipt of Defendant's notification with any documentation and a statement to support her position. Defendant shall advise Plaintiff and Plaintiff's Counsel of the Defendant's acceptance or rejection of Plaintiff's response within seven (7) business days of their receipt of Plaintiff's response. If rejected, the Parties shall meet within ten (10) days to discuss and attempt to resolve any matter addressed in the written

submissions. If the Parties are not successful in their efforts to resolve the matter, the Defendant may seek intervention from the Court for the purpose of modifying the quantity of services and this Consent Decree. While any such dispute is pending, Wisconsin Medicaid will continue to authorize and reimburse for private duty nursing care for 56 hours per week, unless this Court issues an order permitting otherwise.

17. If Plaintiff prevails in any judicial action to protect her rights under this Consent Decree, Defendant shall pay all reasonable and necessary attorney fees and costs. If there is a dispute about the reasonableness of the amount, the Court will make the determination.

**VI. ATTORNEYS' FEES AND COSTS**

18. On behalf of Defendant, the State of Wisconsin agrees to pay Plaintiff's counsel $50,000 in full settlement of Plaintiff's claims for attorneys' fees and costs associated with this litigation and the Consent decree. This sum shall be distributed to Plaintiff's counsel within ten (10) business days after this Consent Decree is signed by the Parties.

**VII. MISCELLANEOUS PROVISIONS**

19. This Consent Decree contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this document regarding the subject matter of this proceeding shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein. This Consent Decree supersedes all prior agreements, representations, negotiations, or positions taken by the Parties in this litigation not set forth herein.

20. Both Parties to this document have participated in its drafting and, consequently, any ambiguity shall not be construed for or against either party.

21. This Consent Decree shall be binding upon any successor of the Defendant.

22. Signatories. Each undersigned representative of Defendant and the Attorney General for the State of Wisconsin certifies that he or she is authorized to enter into this Consent Decree and to execute and bind legally Defendant to its terms. Each undersigned representative of Plaintiff certifies that he or she is authorized to enter into this Consent Decree and to execute and bind legally the Plaintiff to its terms. Execution of this Consent Decree by signature is a condition precedent to the Consent Decree becoming effective and binding on the Parties. This Consent Decree may be executed in counterparts, each of which will be deemed to be an original and all of which taken together shall constitute a single instrument. This Consent Decree may be executed by a signature via facsimile transmission or electronic mail which shall be deemed the same as an original signature.

23. The Court will retain jurisdiction to enforce the terms of the Consent Decree. To permit enforcement of the terms of this Consent Decree, the Parties agree that, should it become necessary to seek Court assistance as to enforcement of the Consent Decree, any party requesting relief shall request an order granting such relief that is narrowly drawn, extends no further than is necessary and is the least intrusive means for doing so.

24. This Consent Decree resolves and provides the sole and exclusive remedy for all claims and issues arising from this action that were raised or could have been raised by or on behalf of the Plaintiff. Defendant shall have no duties or obligations to the Plaintiff with regard to the claims for injunctive and declaratory relief in this action set forth in the Amended Complaint beyond the terms of this Consent Decree.

## VIII. TERMINATION

25. This Consent Decree shall terminate when Plaintiff reaches the age of 21 years or has transitioned to the adult long-term care system.

26. The Plaintiff shall notify the Court when she has reached the age of 21 or has transitioned to the Medicaid adult long-term care system.

SO ORDERED this 4th day of June, 2018.

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

The parties, by their counsel, hereby consent to the terms and conditions of the Order as set forth above and consent to the entry thereof.

FOR PLAINTIFF, D.U.

**PINES BACH LLP**

*/s/ Diane M. Welsh*

---

Diane M. Welsh, SBN 1030940
122 West Washington Ave, Suite 900
Madison, WI 53703
(608) 251-0101 (telephone)
(608) 251-2883 (facsimile)
dwelsh@pinesbach.com

FOR DEFENDANT, LINDA SEEMEYER

**WISCONSIN DEPARTMENT OF JUSTICE**

*/s/ Laure Rakvic-Farr*

---

Christopher J. Blythe, SBN 1026147
Laure Rakvic-Farr, SBN 1049540
Wisconsin Department of Justice
17 W. Main Street
PO Box 7857
Madison, WI 53707-7857
(608) 266-0323 (telephone)
(608) 267-2223 (facsimile)
blythecj@doj.state.wi.us
rakvic-farrlc@doj.state.wi.us